UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INLAND CRANE INC., an Idaho corporation,<br><br>      Plaintiff,<br><br>  -vs-<br><br>OLDCASTLE APG WEST INC., a Colorado corporation, d/b/a CENTRAL PRE-MIX CONCRETE CO.; DOES 1-111,<br><br>      Defendants. | NO. CS-03-0233-LRS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

Pending before the Court, without oral argument, is Defendant Central Pre-Mix's Motion For Reconsideration of Order Re Hydrocarbon Contamination Issues (Ct. Rec. 87), filed April 11, 2005. Defendant requests the Court to reconsider its order denying both Defendant's motion for summary judgment and motion to exclude evidence (Ct. Rec. 83), entered on March 31, 2005.

Defendant asserts that the Court's conclusions constitute "manifest errors of law." Defendant argues that no genuine issue exists regarding the hydrocarbon contamination issue because Plaintiff's witnesses can offer no evidence that rises above the level of speculation. Ct. Rec. 88 at 2. Additionally, Defendant asserts that Dr. Coleman's testimony

ORDER DENYING MOTION FOR RECONSIDERATION - 1

regarding hydrocarbon contamination theory for concrete failure is too speculative to be reliable or relevant under *Daubert*[1], and as such, the Court was required to dismiss Plaintiff's hydrocarbon theory. *Id*.

Plaintiff Inland Crane, in opposing the motion for reconsideration, contends that the Court correctly found that genuine issues of material fact existed to preclude summary judgment as to the cause of concrete failures. Plaintiff further states that the Court correctly applied the two-part *Daubert* analysis and found that the opinions of Dr. Ebow Coleman constituted scientific knowledge that logically advanced material aspects of the case. Plaintiff concludes that the Court Order reflected correct applications of law.

## DISCUSSION

Motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

Notwithstanding the dictates of *Daubert* and its progeny, "the rejection of expert testimony is the exception rather than the rule."

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

ORDER DENYING MOTION FOR RECONSIDERATION - 2

See Fed.R.Civ.P. 702, Adv. Comm. Notes (2000). As the Advisory Committee explained in the context of the December 1, 2000, amendment to Rule 702, "*Daubert* did not work a 'seachange over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" Fed.R.Evid. 702 advisory committee's note (quoting *United States v. 14.38 Acres of Land Situated in Leflore County, Miss*., 80 F.3d 1074, 1078 (5th Cir.1996)). *Daubert* itself emphasized the point: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596, 113 S.Ct. 2786.

Dr. Coleman's report indicates that he performed several tests using scientific testing methodology, which even Defendant does not take issue with. The Court's initial and current conclusion, that there was no analytical gap between the data and the opinion proffered, renders Mr. Coleman's testimony reliable in the manner which *Daubert* and its progeny[2] require.

Defendant recites various snippets of Dr. Coleman's testimony for the proposition that his opinions regarding hydrocarbon contamination are "qualified possibilities and maybes–not the scientific certainty required by *Daubert*." Ct. Rec. 88 at 4. The Defendants' arguments opposing Dr. Coleman's theories rest heavily on statements which tend to be somewhat equivocal about the role which the oil may have played in allegedly causing the concrete to be defective. Stated somewhat differently,

---

[2] *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Weisgram v. Marley Co.*, 120 S. Ct. 1011, 1021 (2000).

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Defendant's arguments tend to focus more on the conclusions Dr. Coleman has reached rather than his methodology. Reduced to its basics, Defendant suggests, in part, that Dr. Coleman's testimony is not based on a "more probable than not" standard and is therefore subject to attack.

The Ninth Circuit in U.S. v. Rahm, 993 F.2d 1405 (9th Cir. 1993) stated that:

> ... if the district court considers the strength of an expert's opinion in deciding whether to admit expert testimony, the court may not seek--or require--conclusiveness. "Absolute certainty of result is not required for admissibility." *Fleishman*, 684 F.2d at 1337; see also id. at 1336-37 (certainty of expert's opinion goes to weight of testimony, not admissibility).

Id. at 1412.

The *Rahm* court further explained:

> Certainty is an unreasonable expectation in the realm of expert opinion. Nelson's use of the conditional "could" in expressing her conclusion is neither unusual nor disqualifying as to her testimony. In any area of science or social science, but particularly in matters of the mind, expecting an expert to reach a conclusion without the slightest doubt as to its accuracy is exceedingly unrealistic. Experts ordinarily deal in probabilities, in "coulds" and "mights."
>
> It is the rare expert who is willing to opine conclusively about a past occurrence. The expert who expresses his opinion with absolute certainty invites skepticism about his candor or his qualifications. With good reason, we wonder whether such an expert is hiding--or missing--some significant factor. Here, Nelson's conclusion was simply couched in the probability terminology employed by experts.

Id.

Examining the record before the Court to date, it is clear that Dr. Coleman does not specifically testify that the hydrocarbon contamination was the sole cause of the failing concrete or that hydrocarbon

ORDER DENYING MOTION FOR RECONSIDERATION - 4

contamination was not a factor in the concrete failure. Plaintiff stated at the hearing on March 31, 2005, that it had not moved away from or abandoned the position that hydrocarbon contamination <u>contributed</u> to the concrete failure. Ct. Rec. 102, Transcript at 13.

The Court disagrees with Defendant's argument that the testimony regarding hydrocarbon contamination as a theory of liability is "speculative" and not supported by the facts. Ct. Rec. 104. The facts indicate that Dr. Coleman performed several tests on the concrete core samples (compressive strength testing, a sand to cement test, and gas chromatography/mass spectrometer) and found that the unset mortar exhibited higher concentrations of retarder; and oil or diesel of .5% by weight of cement, which was the highest level of hydrocarbons found in any of the samples tested. Ct. Rec. 103 at 4-5. The opinion report also mentioned that the smell of diesel/lubricating fuel was noted in the unset mortar. Based upon his testing results, Dr. Coleman opined that the concrete failures were based on a combination of higher retarder concentrations, high water content, and the presence of hydrocarbons in higher concentrations. See Coleman Report at page 3-4.

It appears, and Defendant suggests, that after Dr. Coleman's review of deposition testimony of Mark Murphy, Craig Matteson, Steve Clark and Jay Carpenter, Dr. Coleman's opinion seemed to take on strength in the direction of excess water and excess retarder only as the cause of the concrete failure. The fact remains, however, that Dr. Coleman concludes in his Supplemental Report of February of 2005 that "[o]ur claims and opinion in the case remain as stated previously and find facts arising from the depositions to substantiate them." Ct. Rec. 67 at 15. Dr.

Coleman's previous opinion, expressed in February of 2003 and revised in May of 2004, was that "[t]he evaluation revealed the likely cause(s) of the problem concrete and unset mortar to be the following:

> 1. High water content.
> 2. A higher than expected retarder concentration.
> 3. A contamination of the concrete due to lubricating and diesel oil.

Defendant raises legitimate points and weaknesses in Dr. Coleman's testimony that go to the weight of the evidence, but not to admission of the same. The Court cannot require absolute certainty of this expert's hydrocarbon contamination opinion testimony. Defendant will have the opportunity to object to the admission of specific opinion testimony as well as to attack the same by traditional methods, i.e., vigorous cross-examination and presentation of contrary opinion evidence. The Court stands by its initial ruling of March 31, 2005. Accordingly,

**IT IS ORDERED** that Defendant Central Pre-Mix's Motion For Reconsideration of Order Re Hydrocarbon Contamination Issues, **Ct. Rec. 87**, filed April 11, 2005, is **DENIED**.

The District Court Executive is directed to file this ORDER and provide copies to counsel.

**DATED** this 23rd day of May, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 6